United States District Court
Southern District of Texas
**ENTERED**
June 02, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Delano Ludwig Rohden, Jr., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-1951 |
| | § | |
| Kilolo Kijakazi, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Delano Rohden appeals the Social Security Administration (SSA) Commissioner's (Commissioner) final decision denying his application for social security benefits. ECF No. 1. The Defendant's Motion for Summary Judgment and Brief in Support, ECF Nos. 11–12, and Plaintiff's Motion for Summary Judgment and Brief in Support, ECF Nos. 14–15, are pending before the court. This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 18. Having considered the motions, administrative record, and applicable law, the court recommends that the final decision of the Commissioner be **AFFIRMED**.

### 1. Procedural Posture

Rohden filed the instant application for supplemental security income (SSI) on January 6, 2020. Tr. 244–58. He alleged a disability onset date of February 15, 2017, due to chronic obstructive pulmonary disease (COPD), high blood pressure, high cholesterol, knee problems, blood clots, and vision problems. Tr. 245. Rohden was fifty-four years old on the alleged disability onset date. Tr. 64.

The SSA denied Rohden's application at the initial level on September 15, 2020, and noted that there was insufficient evidence to

make a diagnosis. Tr. 69. The SSA denied the application upon reconsideration on December 9, 2020, and noted there was insufficient evidence to complete the medical and vocational assessments. Tr. 74, 79. In both instances, the examiners found Rohden not disabled and explained that he failed to cooperate in providing the requested information and in submitting to a consultive examination. Tr. 66–67, 74–77. Administrative Law Judge (ALJ) Scott Morris held a hearing on November 9, 2021. Tr. 38–63. At the hearing, the ALJ heard testimony from Rohden and a vocational expert (VE). Tr. 39. Rohden's counsel was present and had the opportunity to examine the witnesses. Tr. 49, 61.

Rohden testified that he completed the ninth grade and did not obtain a GED. Tr. 44–45. His reported work history included ten years as a delivery driver, last performed in 2007. Tr. 46–47. He had since worked in janitorial services until approximately 2017. Tr. 45–46.

Rohden testified that he could no longer work due to asthma and a blood clot in his brain. Tr. 49. Although not stated in his application, he also testified that he had issues with both shoulders, resulting in sharp pain and difficulty sleeping, showering, dressing himself, and performing household chores. Tr. 50–53, 245. He stated he had issues lifting with his right arm, but that he could lift and transport a twelve-pack of canned drinks from his car to his kitchen using his left arm. Tr. 53. Rohden stated that his breathing problems sometimes caused him to lose consciousness and that he could only walk a fourth of a block before having trouble breathing. Tr. 53–54. He also had difficulty breathing when standing for more than five to six minutes. Tr. 56. Finally, he testified that he had knee pain as a result of a car accident. Tr. 55. He stated that he had a bump below his knee that would swell, but that he had not had trouble walking since the accident. *Id.*

The ALJ issued a decision on December 3, 2021, finding that Rohden was not disabled from January 22, 2020, the date of his application, through the date of the decision. Tr. 25. Rohden requested review of the ALJ's decision, which the Appeals Council denied on March

30, 2022. Tr. 1–6, 233–35. Rohden timely filed a complaint and an application to proceed in forma pauperis in federal court on June 2, 2022. *See Rohden v. Kijakazi*, 4:22-mc-948, ECF No. 1 (S.D. Tex. June 2, 2022).

### 2. *Legal Standards*

The Social Security Act provides SSI to individuals with physical and mental disabilities who have limited income and resources. *See* 42 U.S.C. § 1382. An individual is disabled when he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. *See Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020); 20 C.F.R. § 416.920(a)(4) (2020). The claimant bears the burden of proof on the first four steps, and the Commissioner bears the burden on the fifth step. *See Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). A finding that the claimant is disabled or not disabled at any point in the five-step review terminates the analysis. 20 C.F.R. § 416.920(a)(4) (2020).

This court's review of the ALJ's disability determination is "highly deferential," and the court asks "only whether substantial evidence supports the decision and whether the correct legal standards were employed." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (citations omitted). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance.'" *Id.* (quoting *Williams v. Admin. Rev. Bd.*, 376 F.3d 471, 476 (5th Cir. 2004)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison*

*Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The reviewing court must scrutinize the record to determine whether substantial evidence supports the ALJ's decision. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

### 3. Analysis

#### A. Step One

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2020). A person engaged in substantial gainful activity is not disabled, regardless of her medical condition, age, education, or work experience. 20 C.F.R. § 416.920(b) (2020).

The ALJ found that Rohden had not engaged in substantial gainful activity since the application date of January 22, 2020. Tr. 22. This finding is not in dispute.

#### B. Step Two

At step two, the ALJ determines whether any of the claimant's impairments or any combination thereof is severe and has lasted or is expected to last a continuous period of at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii) (2020) (citing 20 C.F.R. § 416.909). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c) (2020). "An impairment is not severe 'only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Johnson v. Colvin*, 595 F. App'x 443 (5th Cir. 2015) (quoting *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)). "A person who does not have a 'severe impairment' is not disabled." *Schofield*, 950 F.3d at 318 (citing 20 C.F.R. § 404.1520(c)); *see also* 20 C.F.R. § 416.920(c) (2020).

The ALJ found that Rohden did not have a severe impairment or combination of impairments and terminated the analysis at step two.

Tr. 23. The ALJ found that the medical evidence in the record supported the presence of conditions that could cause some of Rohden's alleged symptoms, "but not nearly to the extent to which he alleges them." Tr. 24. He found that Rohden's subjective complaints were "generally inconsistent with the evidence of record. *Id.* The ALJ found that the record did not support any significant limitations in Rohden's ability to engage in activities of daily living. *Id.* According to the ALJ, "there is insufficient evidence to support significant difficulties in the claimant's ability to care for his personal needs, perform routine household chores, prepare meals, operate a motor vehicle, or shop for groceries and other necessities." *Id.* The ALJ went on to explain that Rohden received "relatively minimal treatment" for his allegedly disabling impairments, and that much of his limited treatment related to temporary pain complaints following a motor vehicle accident. *Id.*

The ALJ supported those findings in a thorough review of Rohden's medical records. He noted that Rohden was prescribed medication for his COPD, hypertension, and hyperlipidemia, but that he was sometimes noncompliant with his medications. Tr. 24. (citing Ex. 1F-17/Tr. 368; Ex. 4F-10/Tr. 405). The ALJ recognized that Rohden had a lifelong smoking habit and reported shortness of breath, but that a December 2019 chest x-ray that showed Rohden had "no acute cardiopulmonary process." *Id.* (citing Ex. 1F-17/Tr. 368–70). The cited records show that Rohden's vital signs were normal, that he was in no acute distress, that he had a regular heart rate and rhythm, and that his lungs were clear with normal, non-labored respirations. Tr. 369. The ALJ also reviewed treatment records from June 2021, which showed that, while Rohden presented with some wheezing, an examination found no respiratory distress and normal pulmonary effort. Tr. 24 (citing Ex. 4F-6/Tr. 401). The ALJ explained that at a June 30, 2021 follow up appointment, Rohden exhibited no respiratory distress or wheezes. *Id.* (citing Ex. 5F-42/Tr. 492). A July 2021 pulmonary function test was within normal limits with no desaturation noted. *Id.* (citing Ex 5F-32/Tr. 482–83).

The ALJ then turned to Rohden's knee and shoulder problems. He found that, although the reports revealed osteoarthritis in Rohden's right knee and osteoarthritis of a joint in his shoulder, the records did not show that Rohden required treatment for those issues. Tr. 24 (citing Exs. 5F-96/Tr. 546; 5F-4/Tr. 454–55). He observed that Rohden had no issues with his gait, and that there was no evidence that Rohden had weakness or instability. *Id.* (citing Exs. 5F-101, 11/Tr. 551, 461). Similarly, he observed that, although Rohden exhibited shoulder pain with abduction and rotation, most of his physical examinations were within normal limits. *Id.* (citing Exs. 5F/Tr. 451-584; 5F-11/Tr. 461).

The ALJ also considered Rohden's obesity. He found no evidence that Rohden suffered from limited functioning, secondary to obesity. Tr. 25. He concluded that Rohden's obesity was non-severe because there is no evidence that is significantly limited his ability to do basic work activities. *Id.*

The ALJ considered the opinions of the state agency disability examiners as well as Rohden's treating physician, Aafia Azhar, M.D. Tr. 25. The ALJ agreed with the disability examiners' opinions that there was insufficient evidence to establish a medically severe impairment. Tr. 25. He found their opinions to be "well supported by the fully developed record" at the hearing level of review. *Id.* (citing Exs. 1A/Tr. 64–68; 3A/Tr. 70–78). Dr. Azhar partially filled out a check-box form. Tr. 586–87. He checked a box on the form indicating that Rohden was "unable to work, or participate in activities to prepare for work, at all." Tr. 586. The same checked box indicated that Rohden's disability was not permanent and was expected to last more than six months. *Id.* The form required Dr. Azhar to fill out Part C, which asks whether the person can perform certain tasks, such as sitting, standing, keyboarding, and lifting, and, if so, for how many hours per workday. *Id.* Dr. Azhar did not fill out those boxes, instead stating in the "other" section that "[Rohden] is not able to do much because of shoulder pain." *Id.* The ALJ found this opinion to be less persuasive overall because it encroached on

the ALJ's duty to make the ultimate decision on disability, and because
it opined that the "disability" was not permanent. Tr. 25.

The court has reviewed the records cited by the ALJ and finds that
the ALJ's reading of the records is accurate. He drew appropriate and
supported conclusions from those records. It does not appear that the
ALJ ignored contrary evidence or misstated or misinterpreted the cited
evidence. The ALJ employed the proper legal standards and his decision
is supported by substantial evidence. Rohden disagrees with the ALJ's
assessment. The court addresses each of Rohden's arguments next.

### i. *The ALJ stated the appropriate severity standard.*

Rohden argues that the ALJ applied the wrong severity standard
by failing to cite *Stone v. Heckler* or an equivalent authority. ECF No. 15
at 7. Although the ALJ did not cite to *Stone*, the court finds that he
appropriately stated the severity standard. The ALJ explained that he
must determine whether Rohden had a "medically determinable
impairment that is 'severe' . . . [meaning] it significantly limits [his]
ability to perform basic work activities." Tr. 21. The ALJ also explained
that an impairment is "'not severe' when medical and other evidence
establish only a slight abnormality . . . that would have no more than a
minimal effect on [the] ability to work." *Id.* (internal citations omitted);
*cf.* 20 C.F.R. §§ 416.920(c) (2020) (explaining severe impairments),
416.922 (explaining non-severe impairments); *Stone v. Heckler*, 752 F.2d
1099, 1101 (5th Cir. 1985) (explaining non-severe impairments). The
ALJ's explanation tracked the language in *Stone* and the regulations.
Moreover, the ALJ cited Social Security Ruling 85-28. Tr. 21. That ruling
uses some of the same language as *Stone* and the Fifth Circuit has held
that it comports with the traditional *Stone* standard. *Keel*, 986 F.3d at
556. The ALJ did not err in his statement of the severity standard.

### ii. *The ALJ properly applied the severity standard.*

Rohden argues that, even if the ALJ cited the right severity
standard, he did not properly apply it. Rohden argues that his

impairments caused more than slight abnormalities and interfered with his ability to work because he was often short of breath, could not lift his arm above his head, and could not walk more than a fourth of a block before tiring. ECF No. 15 at 7–8. It is true that Rohden testified about those symptoms, but as discussed above, the ALJ did not credit Rohden's statements about the limiting effects of those symptoms. Tr. 24. The ALJ considered the medical and opinion evidence as well as Rohden's testimony and statements about his impairments and found no severe impairments. Tr. 23–25. Rohden's argument that the ALJ failed to apply the proper severity standard is really an expression of disagreement with the ALJ's conclusions. It is not the court's role to reweigh the evidence, substitute its judgment for the ALJ's, or decide the issues de novo. *Johnson*, 595 F. App'x at 444.

### iii.   *The ALJ did not interpret raw medical evidence.*

Rohden argues that the ALJ's step two determination is not supported by substantial evidence because it is based solely on the ALJ's interpretation of raw medical evidence rather than any medical opinion. ECF No. 15 at 8. Rohden argues that the ALJ rejected all the opinion evidence and thus "had no legitimate basis to deny Plaintiff's claim at Step Two." *Id.* The court disagrees.

First, Rohden's premise that the state agency examiners only opined that they did not have sufficient evidence to reach an opinion on disability is incorrect. Rohden is correct in that the examiners stated that there was insufficient evidence, Tr. 66, 74, but both examiners also determined that Rohden was not disabled. Tr. 67, 77. Even when there is insufficient evidence, the regulations require the SSA to make a disability determination based on the evidence available. 20 C.F.R. § 416.920b(b)(3) (2020) ("When, despite efforts to obtain additional evidence, the evidence is insufficient to determine whether [the claimant] is disabled, we will make a determination or decision based on the evidence we have."). The record shows that the SSA attempted to obtain additional evidence, including a consultative examination, but

Rohden was uncooperative. Tr. 75. The SSA then decided to "discontinu[e] development[,] including consultative examinations[,] and determin[e] the case with all available and identified sources only." *Id.* Rohden was then found not disabled. Tr. 67, 77.

In any event, the court disagrees with Rohden's argument that the ALJ must rely on medical opinions and may not rely on medical records. In *Ripley v. Chater*, 97 F.3d 552 (5th Cir. 1995), the Fifth Circuit remanded because, among other errors, the ALJ found the claimant was capable of sedentary work "even though there was no medical testimony supporting this conclusion." 94 F.3d at 557 (emphasis added). The court pointed out that "[t]he absence of such a [medical source] statement . . . does not, in itself, make the record incomplete." *Id.* The court concluded that the ALJ's opinion was not supported by substantial evidence only after examining the record which contained "a vast amount of medical evidence" establishing an impairment which the ALJ did not consider in formulating the RFC. *Id.*

Similarly, in *Williams v. Astrue*, 355 F. App'x 828 (5th Cir. 2009), the Fifth Circuit remanded because "there was *no medical or other evidence* supporting the ALJ's [RFC] determination." 355 F. App'x at 831 (emphasis added). After discussing the ALJ's refusal to give controlling weight to the opinions of three doctors, the court held that there was "*no* evidence supporting the ALJ's finding." *Id.* (emphasis in original). The court also pointed to the fact that "the ALJ failed to consider [a] physical therapy discharge summary [that] directly contradicts the ALJ's finding." *Id.* The court concluded that, in the face of contradictory evidence and with no evidence supporting the ALJ's RFC finding, the RFC was not supported by substantial evidence. *Id.* at 832. Importantly, the court explained that *Ripley* stood for the proposition that "an ALJ may not rely on his own unsupported opinion as to the limitations presented by the [claimant's] medical conditions." *Id.* at 832 n.6 (citing *Ripley*, 97 F.3d at 557).

This case does not present the problems that *Ripley* and *Williams* addressed. Here, the ALJ's severity determination is supported by substantial medical evidence supporting the ALJ's conclusions. "ALJs can draw their own conclusions based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018). An ALJ may properly make a disability determination that is not an adoption of any medical opinion while still basing his decision on substantial evidence. *See Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) (concluding that although "the ALJ neither adopted the state agency report verbatim nor accepted the testimony of [a medical provider], it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards"). Rohden's argument that the ALJ impermissibly relied on his own lay opinion "is actually the ALJ properly interpreting the medical evidence to determine [Rohden's] capacity for work." *Taylor,* 706 F.3d at 603. There is no error.

### iv. The ALJ complied with the regulations in evaluating Dr. Azhar's opinion.

As mentioned, Dr. Azhar's opinion is a check-the-box form that says nothing about Rohden's ability to perform basic work activities. Tr. 586–87. Rohden argues that the ALJ erred in evaluating Dr. Azhar's opinion because the ALJ did not explain how he considered the supportability and consistency of the opinion, as required by 20 C.F.R. § 416.920c(b)(2) (2020). ECF No. 15 at 10–12. The regulations state that, because supportability and consistency are the most important factors when considering the persuasiveness of a medical opinion, the SSA will explain how it considered those factors in making the ultimate disability determination. 20 C.F.R. § 416.920c(b)(2) (2020).

It is true that the ALJ did not explicitly use the words "supportability and consistency" in the paragraph discussing Dr. Azhar's opinion. That omission is harmless, however. The ALJ's decision overall demonstrates that the ALJ understood Dr. Azhar's opinion to be unsupported by and inconsistent with the medical evidence. Dr. Azhar

merely stated that Rohden "is not able to do much because of shoulder pain." Tr. 586. That statement is not supported by or consistent with the medical records because, as the ALJ explained, Rohden exhibited some pain with shoulder abduction and rotation, but his physical examinations were within normal limits and Rohden had not required any treatment for his shoulder issue. Tr. 24 (citing 5F-11/Tr. 461). Moreover, Rohden does not cite to, and the court's review does not find, any medical records or examinations indicating that Rohden had limited range of motion in his shoulder or restrictions in his ability to lift and carry because of his shoulder injury.

Moreover, the court observes that Dr. Azhar's opinion statement also is internally unsupported. The check-the-box form completed by Dr. Azhar instructed him to state the maximum number of hours that Rohden could perform certain tasks, including those involving shoulder use, such as climbing ladders, pushing/pulling, keyboarding, and lifting/carrying. Tr. 586. Dr. Azhar provided no opinion on Rohden's ability to complete those tasks, so it is unclear whether Dr. Azhar thought Rohden could do some of these things for some amount of time, or none of those things at all. Instead Dr. Azhar wrote a standalone note that Rohden "is not able to do much because of shoulder pain." *Id.* Because Dr. Azhar failed to make any effort to complete the form, the statement is unsupported by any medical finding.

There is no reason to believe that, had the ALJ explicitly analyzed the supportability and consistency of Azhar's opinion that he would have come to a different result. "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) (quoting *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)). "This Court requires . . . a showing that the claimant was prejudiced by the agency's failure to follow a particular rule before such a failure will be permitted to serve as the basis for relief from an ALJ's decision." *Shave v. Apfel*, 238 F.3d 592, 597 (5th Cir. 2001). "Prejudice can be

established by showing that the additional considerations "'might have led to a different decision.'" *Mettlen v. Barnhart*, 88 F. App'x 793 (5th Cir. 2004) (quoting *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)). Rohden offers no explanation for how further consideration of supportability and consistency would have led to a different decision, but merely asserts that "[h]ad the ALJ not rejected [Dr. Azhar's] opinion, the Plaintiff's claim would have proceeded to the subsequent steps of the sequential evaluation process." ECF No. 15 at 10. For the reasons stated above, the court is confident that the ALJ properly evaluated Dr. Azhar's opinion and that, even if the ALJ had provided a more detailed discussion using all the right words, it would not have led to a different decision.

### v. *The ALJ properly evaluated Rohden's subjective complaints.*

Rohden argues that the ALJ did not properly consider his subjective complaints, but instead discounted them as inconsistent with the treatment record. ECF No. 15 at 12–15. The regulations state that a claimant's statements about pain and symptoms alone cannot establish disability. 20 C.F.R. § 416.929(a) (2020). "There must be objective medical evidence from an acceptable medical source that shows . . . a medical impairment(s) which could be reasonably expected to produce the pain or other symptoms alleged and that . . . would lead to a conclusion that [the claimant is] disabled." *Id.* If such impairment exists, the SSA "must then evaluate the intensity and persistence of [the] symptoms [to] determine how [the] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 416.929(c)(1) (2020).

The ALJ considered Rohden's hearing testimony, including his complaints about difficulty breathing, limited ability to use his right arm, and his knee pain. Tr. 23. The ALJ found Rohden's complaints about his symptoms to be inconsistent with the medial evidence. Tr. 24. As discussed above, the ALJ noted Rohden's treatment for conditions such as COPD, hypertension, and hyperlipidemia, but found insufficient

evidence to support any limitations in his ability to perform activities of daily living. Tr. 24. The ALJ also noted Rohden's minimal treatment and his noncompliance with his treatment plan. Tr. 24 (citing Exs. 1F-17/Tr. 368, 4F-10/Tr. 405). Both of these factors may be considered when evaluating the intensity and persistence of subjective symptoms. SSR 16-3p, 2017 WL 5180304, *9 (revised Oct. 25, 2017) (stating that, if the frequency or extent of treatment "is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment . . . [the ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."); *see also* 20 C.F.R. § 416.929(c) (2020). Based on the foregoing and the court's review of the record, the ALJ properly considered the intensity and persistence of Rohden's symptoms and how they limit his capacity for work. There was no error.

### 4. Conclusion

The ALJ's decision denying social security benefits is consistent with the law and supported by substantial evidence. There is no genuine issue of material fact, and summary judgment is appropriate. Fed. R. Civ. P. 56(a), (c). Accordingly, the court recommends that Rohden's Motion for Summary Judgment be **DENIED**; that the Commissioner's Motion for Summary Judgment be **GRANTED**; and that the Commissioner's final decision be **AFFIRMED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate

review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on June 2, 2023.

Peter Bray
United States Magistrate Judge